### SCHUNNEMUNK CONST. CO. v. SBARATTA.

(Circuit Court of Appeals, Second Circuit. January 16, 1917.)

#### No. 125.

MASTER AND SERVANT ☞286(3)—INJURIES TO SERVANT—QUESTION FOR JURY—SAFE PLACE TO WORK.

> Where an employer directed an ignorant immigrant to load gravel from a gravel bank into a wagon by standing between the wagon and the gravel bank, without warning him of the danger or taking any precautions, and the gravel bank caved on him and killed him, the question whether the employer negligently failed to furnish a safe place to work was properly submitted to the jury.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1010.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Giuseppe Sbaratta, as administrator of Rosario Sariti, deceased, against the Schunnemunk Construction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

On writ of error to review a judgment in favor of the defendant in error who, as administrator of Rosario Sariti, deceased, brought this action to recover damages for the death of the said Sariti. His death is alleged to have been caused by the negligence of the Schunnemunk Construction Company in failing to provide suitable means and appliances and a safe place in which to work, while he was engaged, with others, in removing gravel from a bank located at Chester, N. Y. The jury found a verdict in favor of the plaintiff for $4,500.

Elwood C. Smith, of Monroe, N. Y. (Herbert C. Smyth and James B. Mackie, both of New York City, of counsel), for plaintiff in error.

Nelson L. Keach, of New York City (Samuel F. Frank, of New York City, of counsel), for defendant in error.

Before COXE, and WARD, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COXE, Circuit Judge.  The plaintiff's intestate was killed by being buried under a gravel bank where he and two other laborers were at work.  He was dead when his body was discovered.  He had been in this country but three days when the accident occurred.  The wagon which was being loaded with gravel was only a few feet from the bank and in this space the plaintiff's intestate and two other Italians were, by the direction of the defendant, at work shoveling gravel, when the upper part of the bank suddenly slid down and caused the accident.  There were minor disputes upon the evidence but these were disposed of by the verdict of the jury.  The testimony warranted the finding that plaintiff's intestate, an ignorant Italian, was directed by the defendant's agents to do work of a dangerous character without providing safeguards or informing him of the hazardous conditions which he was likely to encounter and of the method of avoiding them.

That the accident might have been avoided if the defendant had taken a few necessary precautions is clearly shown.  The work might have been begun at the top and sufficient gravel removed there to prevent the sliding of the entire bank.  Surely no more dangerous conditions could have existed than those adopted by the defendant.  By sending the men to work beneath the almost perpendicular embankment with the horses and wagon very near the base, they were making the theatre of operation so contracted that escape was rendered well nigh impossible if a slide occurred.  The case was presented to the jury by a clearly stated and impartial charge and no exception relating thereto has been argued in this court.

We are fully convinced that it would have been error to have taken the case from the jury.  The controlling question was one of fact.  An ignorant man was required by his employer, who knew or should have known the character of the business in hand, to work beneath an almost perpendicular wall of gravel which fell without warning and buried the plaintiff's intestate under a mass of earth and stones.  This occurred without any precautions on the part of the defendant or notice that such danger was to be apprehended.

We think the record shows that the paramount and controlling questions were of fact and that it would have been error to withdraw these questions from the jury.

The case was properly sent to the jury and the judgment is affirmed with costs.